IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DAVID PALMER and
LEANNA PALMER,

                Plaintiffs,

v.

OWNERS INSURANCE COMPANY, and Ohio Company,

                Defendant.

---

## NOTICE OF REMOVAL

---

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
      THE DISTRICT OF COLORADO

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

Owners Insurance Company ("Owners") hereby removes this action from the District Court, City

and County of Denver, Colorado, to the United States District Court for the District of Colorado

on the ground that there is diversity jurisdiction under 28 U.S.C. § 1332(a). In support of

removal, Owners states as follows:

### BACKGROUND

      1.      On June 7, 2018, Plaintiffs David Palmer and Leanna Palmer ("Plaintiffs") filed a

Complaint For Damages and Jury Demand ("Complaint") against Owners in the District Court,

City and County of Denver, Colorado, which was assigned Case Number 2018CV32136 ("State

Court Action"). (*See* Compl. (attached hereto).)

2.      On July 2, 2018, Plaintiffs served a copy of the Complaint on Defendant Owners, through service of process at the Division of Insurance.

3.      The allegations in the Complaint arise from a claim Plaintiffs made under an underinsured-motorist ("UIM") portion of an insurance policy issued by Owners to Plaintiff David Palmer ("Policy"). (Compl. ¶ 23.)

4.      The Complaint alleges that David Palmer was involved in an accident. (*Id.* ¶ 8.) The accident claimed by Plaintiffs occurred on June 9, 2015, in the city of Centennial, Colorado, and involving David Palmer and a vehicle operated by Pamela Berlin ("Incident"). (*Id.*) Plaintiffs have asserted a claim with Owners for payment of UIM benefits owed as a result of the Incident ("the Claim").

5.      The Complaint alleges that Plaintiffs were insureds under the Policy issued by Owners, and had a contractual right to UIM benefits as a result of the Incident, which Owners has failed to comply with, and as such, Plaintiffs allege Owners breached its contract with Plaintiffs. (*See id.* ¶¶ 23, 64-71.)

6.      Plaintiffs also claim in their Complaint that they have suffered various damages, including medical expenses, past and future income losses, past and future mileage, pain and suffering, physical impairment, disfigurement, and loss of consortium damages as a result of the Incident. (*Id.* ¶¶ 62-71.)

7.      Plaintiffs allege that Owners breached its duty of good faith and fair dealing and unreasonably delayed and denied payment of insurance benefits, thereby entitling Plaintiff to two times the "covered benefit" owed. (*Id.* ¶¶ 72-77, 81.)

8.      Plaintiffs have asserted three claims for relief in their Complaint: (1) breach of

contract; (2) Bad Faith Breach of an Insurance Contract; and (3) Violation of C.R.S. § 10-3-

1115(1)(A) and C.R.S. § 10-3-1116(1). (*Id.* ¶¶ 64-81.)

## GROUNDS FOR REMOVAL

### I.      REMOVAL IS TIMELY

9.      This Notice of Removal is filed within thirty days after Owners was served with a

copy of the Complaint on June 7, 2018. (*See* Aff. of Service filed herewith.)

10.     Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See*

*Murphy Bros., Inc. v Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that

"defendant's period for removal will be no less than 30 days from service").

### II.     DIVERSITY OF CITIZENSHIP EXISTS

11.     A notice of removal need only plausibly allege facts establishing diversity

jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff

challenges or the court questions jurisdiction. *See id.*

12.     Plaintiffs are citizens of Colorado. (Compl. ¶¶ 1, 2, p. 11.)

13.     Owners is an insurance company organized under the laws of the State of Ohio,

with its principal place of business in the State of Michigan. Owners, therefore, is a citizen of

Michigan and Ohio but not Colorado.

14.     Because Plaintiff and Defendant are citizens of different states and Defendant is

not a citizen of Colorado, complete diversity of citizenship exists. *See* 28 U.S.C. § 1332(a)(1),

§ 1332(c)(1), and § 1441(b)(2); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 &

n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

15.     Under 28 U.S.C. § 1332(a) and 1446(c)(2), the removing party must show that the amount in controversy exceeds $75,000, exclusive of interest and costs.

16.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

17.     "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may the case be dismissed." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

18.     The facts here establish that the amount-in-controversy requirement is met. It is not "legally certain" that a recovery "will be less than" $75,000. *Id.*

19.     Plaintiffs alleges that Owners has failed to pay UIM policy benefits and unreasonably delayed or denied payment of benefits. Included in the alleged damages Plaintiffs claim to have sustained as a result of the Incident, are "over $195,000 in medical treatment bills" and "approximately $750,000 in past and future income loss damages." (Compl. ¶¶ 20, 21).

20.     Plaintiffs have indicated in their Complaint that "Ms. Berlin's insurance policy carries only "$50,000 in bodily injury liability coverage of Ms. Berlin." (*Id.* ¶ 23). Plaintiffs allege that on "April 25, 2018" they requested that Owners "tender its UIM limits of $500,000 to Mr. Palmer." (*Id.*¶ 48.)

21.     Should Plaintiffs succeed in their asserted claims under C.R.S. §§ 10-3-1115 and 10-3-1116, they seek two times the covered benefit, which they allege itself exceeds $75,000. (*Id.* at 11.)

22.      The Colorado Supreme Court has interpreted C.R.S. § 10-3-1116 to permit prevailing policyholders to recover the alleged covered insurance benefit plus two times that benefit—effectively three times the covered benefit. *Am. Family Mut. Ins. Co. v. Barriga*, 2018 CO 42, ¶¶ 13-16.

23.     Further, Plaintiffs have asserted in the civil cover sheet filed in State Court Action that the amount in controversy exceeds $75,000, exclusive of interest and costs. They have asserted in the civil cover sheet that they seeks "[a] monetary judgment over $100,000" excluding interest and costs. (*See* State Court Action Civil Cover Sheet submitted herewith.) Plaintiffs' representation on the civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiffs are seeking in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

24.     The Complaint's request for an award of attorney fees alone, in a case involving two Plaintiffs, and three separate claims for relief of this nature, exceeds the $75,000 jurisdictional threshold. (*See* Compl. ¶ 81.) "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d

1337, 1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, it is undisputed that substantial attorney fees will be incurred in this matter.

25.     In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

26.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

27.     As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal, including. Additionally, produced herein with this Notice of Removal is a copy of the State Court docket sheet, as of today's date.

## NOTICE OF REMOVAL

28.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal filed contemporaneously in the State Court Action is filed herein with this Notice.

## NO WAIVER

29.     No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## LIMITE/D DISCOVERY

30.     In the event the Court has any questions regarding diversity of citizenship or the amount in controversy, Travelers reserves the right to conduct limited discovery on either issue, as allowed by *McPhail*, 520 F.3d at 954.

## CONCLUSION

31.     For the reasons set forth above, Owners removes this action to the United States District Court for the District of Colorado.

Dated: August 1, 2018                              Respectfully submitted,


                                                   *s/ Evan Bennett Stephenson*
                                                   Evan Bennett Stephenson
                                                   Wheeler Trigg O'Donnell LLP
                                                   370 Seventeenth Street, Suite 4500
                                                   Denver, CO 80202-5647
                                                   Telephone:   303.244.1800
                                                   Facsimile:    303.244.1879
                                                   Email:   stephenson@wtotrial.com


                                                   Attorneys for Defendant
                                                   Owners Insurance Company

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on August 1, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system.

I FURTHER CERTIFY that counsel for Plaintiff in this action has been served with the foregoing document via email and U.S. Mail as follows:

Brian Hugen                brianh@ramoslaw.com
Ramos Law
3000 Youngfield St., Suite 200
Wheat Ridge, CO 80215
*Attorney for Plaintiff*


*s/ Claudia Jones for Evan Bennett Stephenson*